## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

GRACE ELAINE OUTEN,

      Plaintiff,

      v.

WELLSPAN HEALTH, et. al,

      Defendants.

CIVIL ACTION NO. 1:25-CV-01566

(LATELLA, M.J.)

### MEMORANDUM

*Pro se* Plaintiff Grace Outen filed the above-captioned action alleging various constitutional violations stemming from an incident relating to a dispute regarding her newborn baby's temperature, which escalated and resulted in the involvement of York County Children and Youth Services and law enforcement. Defendants Dr. Muhammed Rashid and WellSpan Health (the "WellSpan Defendants") filed a Motion to Dismiss. More than three months later, Plaintiff filed a Motion for Leave to Amend her Complaint, which the WellSpan Defendants oppose. Because courts are instructed to liberally permit amendment and to be more forgiving of *pro se* litigants, we will grant Plaintiff's Motion.

1

## I.   PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Plaintiff initiated this matter by filing a Complaint on August 22, 2025 against Defendants WellSpan Health, Dr. Muhammed Rashid, Colton Spangler, Briann Lower, and York County Children and Youth Services.  (Doc. 1).  On that same date, she filed a Motion for Leave to Proceed *in Forma Pauperis*, which we granted.  (Docs. 2, 5).  We directed the Clerk of Court to mail copies of Plaintiff's Complaint, a notice of lawsuit and request to waiver service of summons (Form AO 389), and a waiver of service of the summons (Form AO 399) to Defendants.  (Doc. 5).  Defendants WellSpan Health and Dr. Rashid completed and filed waivers of service of summons.  (Docs. 7, 10).

On February 6, 2026, the WellSpan Defendants filed a Motion to Dismiss.  (Doc. 14).  On March 17, 2026, we entered an Order directing Plaintiff to respond to the WellSpan Defendants' Motion to Dismiss on or before April 7, 2026, advising Plaintiff that failure to do so would result in the Motion to Dismiss being deemed unopposed.  (Doc. 17).

Because no other Defendants filed waivers of service, we directed the Clerk of Court to furnish Plaintiff with three copies of the United

2

States Marshal Service ("USMS") Form (Form USM-285) on March 18, 2026, and directed Plaintiff to promptly complete and return the forms to facilitate service by the USMS.  (Doc. 18).  Plaintiff failed to complete and return the forms.  Accordingly, on May 13, 2026, we issued an Order again directing Plaintiff to complete and return the USM-285 forms, warning Plaintiff that failure to do so may result in a recommendation that the Defendants be dismissed pursuant to Federal Rule of Civil Procedure 4(m).  (Doc. 19).  To date, she has not completed and returned the forms.

Plaintiff likewise failed to file a response in opposition to the WellSpan Defendants' Motion to Dismiss, notwithstanding our Order. We provided Plaintiff with a final opportunity to do so on May 13, 2026, directing her to respond by May 27, 2026.  (Doc. 20).  Rather than file a response in opposition, Plaintiff filed a Motion to Amend Complaint on May 18, 2026.  (Doc. 21).  The WellSpan Defendants filed a Response in Opposition to Plaintiff's Motion to Amend Complaint on May 27, 2026. (Doc. 22).  The matter is now ripe for review.

3

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15, a party may amend its pleading "once as a matter of course" no later than 21 days after serving it or 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1).  In all other cases, a party may amend its pleading only with the opposing party's consent or leave of court.  Fed. R. Civ. P. 15(a)(2).

Federal Rule of Civil Procedure 15(a)(2) directs courts to grant motions for leave to amend "when justice so requires."  *See Montanez v. Price*, 154 F.4th 127, 151 (3d Cir. 2025).  Leave to amend should be liberally granted unless amendment would be inequitable or futile. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).  "And because courts have a special obligation to be more forgiving of *pro se* litigants, this Circuit has a longstanding policy of allowing *pro se* plaintiffs to amend their complaints before the court rules upon defendants' motions to dismiss."  *Montanez*, 154 F.4th at 151 (internal citations omitted).

4

## III.  DISCUSSION

In her Motion to Amend Complaint, Plaintiff asserts that she seeks "to clarify factual allegations, and add additional supporting facts, further specify claims and injuries, and ensure that all relevant allegations and parties are properly presented before the Court."  (Doc. 21).

The WellSpan Defendants oppose Plaintiff's Motion, arguing that amendment would be futile.  (Doc. 22 at 2-3).  The WellSpan Defendants point out Plaintiff's failure to attach a proposed amended pleading and argue that the Court is therefore unable to determine whether the proposed pleading states a plausible claim for relief.  (*Id.*).  Additionally, the WellSpan Defendants assert that Plaintiff fails to explain how an amended pleading would resolve several issues with her current Complaint.  (*Id.* at 3-4).

Because Plaintiff filed her Motion to Amend on May 18, 2026, more than 21 days after the WellSpan Defendants filed their Motion to Dismiss, she requires either consent of the opposing parties or leave of

court. *See* Fed. R. Civ. P. 15(a)(2). The WellSpan Defendants do not consent, and so, leave of court is required.

The WellSpan Defendants' arguments are compelling. Plaintiff has demonstrated a pattern in this matter of ignoring Court orders and failing to comply with various procedural rules. While we are mindful of our obligation to liberally construe Plaintiff's pleadings, the Third Circuit has held that "[a]t the end of the day, [*pro se* plaintiffs] cannot flout procedural rules – they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Here, Plaintiff failed to comply with Middle District of Pennsylvania Local Rule 15.1, which provides that a plaintiff seeking leave to file an amendment pleading must attach the proposed amended pleading as an exhibit to the motion. M.D. L.R. 15.1. As the WellSpan Defendants correctly note, this failure inhibits our ability to analyze whether amendment would be futile. Further, we are cognizant of the issues that the WellSpan Defendants pointed out regarding the sufficiency of Plaintiff's current claims. However, because Plaintiff is

6

proceeding *pro se* and has not yet filed an amended pleading, we will permit her to do so in accordance with well-established precedent that requires that leave to amend be "liberally granted." *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Montanez,* 154 F.4th at 151.  However, Plaintiff is advised that further noncompliance with applicable procedural rules or court orders will not be tolerated and may result in a recommendation that this matter be dismissed.

## IV.   CONCLUSION

For the reasons set forth herein, Plaintiff's Motion to Amend Complaint (Doc. 21) will be granted.  An appropriate order follows.

Date: June 2, 2026              **/s/ Leo A. Latella**
                                LEO A. LATELLA
                                United States Magistrate Judge

7